UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                  Plaintiff,

-against-

JOEL LINGAT and JOSEPH EUGENE LEMAY,

                                  Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/2024

1:21-cr-573-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

Trial in this matter was originally scheduled for October 16, 2023. Prior to the deadline for pretrial submissions, the Court granted the motion to withdraw [ECF No. 99] filed by Defendant Lemay's counsel, Frank Agostino, and granted Lemay's request for an adjournment of the deadline for the pretrial submissions to permit him to hire new counsel and for that counsel to weigh in on the proposed joint submissions. [ECF Nos. 89, 104, 105]. On July 28, 2023, the two-week extended deadline, the Government and Defendant Lingat submitted jointly proposed *voir dire*, requests to charge, and verdict form in accordance with the Court's Individual Rules.[1] [ECF No. 107]. At the time of the submission, no new counsel had appeared in the case on behalf of Lemay, and therefore, the pretrial submissions were submitted solely on behalf of the Government and Lingat. [ECF No. 107].

Approximately one month later, on August 25, 2023, Lemay's newly retained counsel submitted "suggested edits to the Parties' Joint Proposed Requests to Charge and Proposed Examination of Jurors." [ECF No. 119]. A few days later, Lemay's counsel requested an

---

[1] The Government and counsel for Lingat were in agreement as to the proposed *voir dire* and verdict form. Where the parties disagreed regarding the proposed requests to charge, the Government's proposed language was indicated in blue text and Lingat's proposed language was indicated in bracketed green text. [ECF No. 107].

1

adjournment of the trial, in light of counsel's representations that he had "concern[s]" regarding the "ability to provide an effective defense for Mr. Lemay at trial." [ECF No. 122]. The Court granted the request, adjourning the trial to begin April 2, 2024 and entering a new trial scheduling order. [ECF Nos. 125, 126]. In those adjournment orders, the Court ordered that "[t]he Parties must file all [] Pretrial Submissions, in accordance with the Court's Individual Rules, by December 22, 2023." [ECF Nos. 125, 126]. With respect to "Pretrial Submissions," the Court's Individual Rules of Practice in Criminal Cases require "***joint*** proposed voir dire, jury instructions, and verdict forms" to be filed. *See* Rule 5.A (emphasis in original). Further, "[t]hese joint submissions shall consist of single documents, ***jointly composed***, noting any areas of disagreement between the parties." *Id*. (emphasis added).

On December 22, 2023, Lemay's counsel filed proposed *voir dire*. [ECF No. 130]. The next day, on December 23, 2023 (a day after the Court's deadline), Lemay's counsel filed a proposed request to charge. [ECF No. 131]. Both submissions were merely "supplemental submissions" [ECF Nos. 130, 131], which purportedly contained Lemay's "edits and revisions to the proposed initial charge and *voir dire* questions" initially submitted by the Government and Lingat in July 2023. No proposed verdict form was submitted by the December 22, 2023 pretrial submissions deadline. Neither the Government nor Lingat subsequently filed anything on the docket with respect to these submissions, and there is no indication whether the Government or Lingat consents or disagrees with Lemay's supplemental revisions. In short, it is unclear whether the pretrial submissions were "jointly composed" as required by this Court's Individual Rules.

Accordingly, IT IS HEREBY ORDERED that **on or before March 1, 2024**, the parties shall re-file "***jointly composed***" and jointly proposed pretrial submissions in accordance with the Court's Individual Rules. *See* Rule 5.A.

2

**The parties are cautioned that failure to comply with the deadlines set forth herein and any other orders in this case, the Local Rules, or the Court's Individual Rules of Practice may result in sanctions, including monetary penalties, or preclusion and/or dismissal of claims or defenses.**

SO ORDERED.

**Date: February 25, 2024**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**