USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/30/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

               Plaintiff,

-against-

JOSEPH EUGENE LEMAY,

               Defendant.

1:21-cr-00573 (MKV)

**ORDER GRANTING**
**MOTION TO QUASH**

MARY KAY VYSKOCIL, United States District Judge:

      Familiarity with the lengthy facts and procedural history of this action are presumed for purposes of this Order. In brief, the Court held a conference to discuss Defendant Lemay's Rule 33 motion based on allegations of ineffective assistance of counsel, [ECF No. 234], set a briefing schedule for the anticipated motion, [ECF No. 231], and thereafter, based on the Court's review of the briefing and the affidavits and declarations submitted therewith, scheduled an evidentiary hearing for June 9, 2025. [ECF No. 256]. In advance of the evidentiary hearing, the Court directed the parties to "advise the opposing party and the Court of any witness who has submitted a declaration or affidavit in support of or in opposition to the motion whom the opposing party wishes to cross examine" at the scheduled evidentiary hearing. [ECF No. 256].

      Thereafter, Defendant requested an "emergency" conference prior to the evidentiary hearing on Defendant's Rule 33 motion to discuss "several important issues." [ECF No. 257]. The Court granted Defendant's request and scheduled a conference. [ECF No. 258]. At this conference, counsel for Defendant asked the Court, among other things, if it was "permitting [Defense Counsel] to subpoena other witnesses who are not in my part of my affidavit . . . ." [ECF No. 261, "Conf. Tr." at 10:25–11:2]. Counsel for the Government objected, and asserted that it "strongly oppose[d]" Defendant calling additional witnesses at the upcoming evidentiary hearing

1

and argued that this "would be a burden on the Court's time, a burden on the witnesses' time without any clear benefit" given the scope of the allegations and the purpose of the hearing. Conf. Tr. at 12–14. The Court clearly stated that expanding the record beyond what had been submitted in connection with the motion was not permitted and explained that the Court was "having a hearing because there are conflicts in the record." Conf. Tr. at 11:3-4. When counsel for Defendant pushed back and said that he wanted "to include other people" not included in his motion, Conf. Tr. at 11:7, the Court stated that "[t]he record is closed. We're having an evidentiary hearing on what you presented." Conf. Tr. at 11:9-10; *see also* Conf. Tr. at 21:4–7 ("[w]e're having a hearing in case either side wishes to cross-examine the affiants or the declarants on the pending record and I can assess credibility. That's what [the] hearing is about."). The Court concluded this conference by stating that if the parties' submissions go "beyond what the proper scope is, the witnesses will be precluded." Conf. Tr. at 24:13–15.

Thereafter, counsel for Defendant filed a letter notifying the Court and the Government that "of the individuals who submitted declarations or affidavits in connection with the defendant's Rule 33 motion" Defendant intends to cross-examination Eric M. Creizman and Frank Agostino at the evidentiary hearing scheduled for June 9, 2025. [ECF No. 260]. In accordance with this Court's prior Order, [ECF No. 256], Defendant also delivered a binder with hard copies of Defendants' witness list, exhibit list, and exhibits to the Court. However, the hard copy binder for the first time also identified as a potential witness, James Mahon who did not submit a declaration or affidavit in connection with Defendant's Rule 33 motion. Subsequently, James J. Mahon, Esq., counsel for Mr. Lemay's co-defendant, filed a motion to quash the subpoena requiring his attendance at the evidentiary hearing scheduled for June 9, 2025. [ECF No. 263] In support Mr.

2

Mahon submitted an affirmation, [ECF No. 264], and a memorandum of law in support [ECF No. 265].

Rule 17(c) of the Federal Rules of Criminal Procedure provides that upon motion, a court "may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). "Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the district court." *Perez v. Subcontracting Concepts, LLC*, 565 F. App'x 25, 26 (2d Cir. 2014) (summary order) (quoting *In re Fitch, Inc.,* 330 F.3d 104, 108 (2d Cir. 2003)). "Although Rule 17(c) applies by its terms only to subpoenas duces tecum, 'courts have repeatedly, when the interest of justice have so warranted, heard and granted (and denied) motions to quash subpoenas to compel testimony.'" *United States v. Chang*, No. 18-CR-00681, 2024 WL 3567006, at *1 (E.D.N.Y. July 29, 2024) (quoting *United States v. Goldstein*, No. 21-CR-550, 2023 WL 3662971, at *5 (E.D.N.Y. May 25, 2023)).

As the Court at numerous times made clear to the parties, in particular counsel for Defendant, the evidentiary hearing was scheduled to allow the parties the opportunity to cross-examine those individuals *who submitted affidavits or declarations* in connection with Defendant's Rule 33 motion in order for the Court to assess the credibility of those individuals and resolve any conflicts in the evidence presented on the written record when the motion was briefed. James J. Mahon, Esq., did not submit an affidavit or a declaration in connection with Defendant's Rule 33 motion and therefore requiring his attendance at the June 9, 2025 evidentiary hearing is both unreasonable, inappropriate, and unnecessary. As the Court warned counsel previously, if the submissions went "beyond what the proper scope is, the witnesses will be precluded." Conf. Tr. at 24:13–15. Here, identifying James J. Mahon as a "potential witness" for the upcoming evidentiary hearing and issuing a subpoena directing him to attend the upcoming evidentiary

3

hearing is clearly outside the scope outlined by the Court in both written [ECF No. 256] and oral Orders. [ECF No. 261].

Accordingly, the motion to quash is GRANTED and James J. Mahon, Esq., is not required to attend the June 9, 2025 evidentiary hearing in this matter. The Clerk of Court is respectfully requested to terminate docket entry 263.

**SO ORDERED.**

Date:  May 30, 2025
       New York, NY

**MARY KAY VYSKOCIL**
**United States District Judge**